**In the Matter of ORANGE COUNTY ELECTRIC CO., a California corporation, Bankrupt.**

**No. 155873.**

United States District Court
S. D. California,
Central Division.

Dec. 22, 1965.

Rutan & Tucker, Santa Ana, Cal., for petitioner on review.

Craig, Weller & Laugharn, Los Angeles, Cal., for respondent on review.

BYRNE, Chief Judge.

William D. Greschner, the petitioner in this case, and another, formed a California corporation called the Orange County Electric Co., the bankrupt in this case. Greschner was the President and a director of the corporation until February of 1963. During the period of its cor-

porate life the bankrupt engaged in various business transactions with the William D. Greschner Co. of which William D. Greschner was the sole or substantial owner of all the stock. On one construction job performed by the William D. Greschner Co. the bankrupt acted as a subcontractor and was owed $4,250 by the Greschner Co. for this work. On another occasion the Greschner Co. loaned $4,500 to the bankrupt and took its promissory note in return. On December 4, 1962, while insolvent, the bankrupt made a payment on the $4,500 note by setting off the $4,250 debt owed to it against the note. On May 20, 1963, a voluntary petition in bankruptcy was filed.

The trustee in bankruptcy filed an objection to a claim by the Greschner Co. for $170 and requested an order to show cause why the $4,250 set-off should not be treated as a voidable preference. After a hearing on these matters and the filing of various memoranda, the referee concluded that equity required the subordination of the $170 claim to all others and that the $4,250 set-off should be treated as a voidable preference. From these determinations, Greschner has brought this petition for review.

Basically the petitioner contends that this transaction was a valid set-off under the provisions of § 68, sub. a of the Bankruptcy Act. 11 U.S.C.A. § 108, sub. a. Further he contends that it was not a preference and even if it had been it would not be voidable and thus § 68, sub. b of the Bankruptcy Act does not apply.

The two parts of § 68 relevant to this proceeding read as follows:

"(a) In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid.

"(b) A set-off or counterclaim shall not be allowed in favor of any debtor of the bankrupt which (1) is not provable against the estate and allowable under subdivision g of Sec-

tion 57 of this Act—." (11 U.S.C.A. § 108)

Thus, to have a set-off allowed under § 68, there must be no problem with § 57, sub. g, which says:

"The claims of creditors who have received or acquired preferences, liens, conveyances, transfers, assignments or encumbrances, void or voidable under this Act, shall not be allowed unless such creditors shall surrender such preferences, liens, conveyances, transfers, assignments, or encumbrances." (11 U.S.C.A. § 93, sub. g)

The referee found that the Greschner Co. had been preferred by the set-off and that this was in violation of the fiduciary duty of Greschner and thus voidable under the Bankruptcy Act. He concluded from this that this situation was covered by §§ 68, sub. b and 57, sub. g rather than § 68, sub. a, and that the $4,250 set-off should be disallowed. This necessarily involved two steps—first, finding a preference, and then saying that it was voidable. Petitioner contends that the referee erred in both decisions.

The main question would seem to be whether the trustee in bankruptcy could have collected the $4,250 from the Greschner Co. had this set-off been attempted after bankruptcy rather than a few months prior. For clearly Greschner has gained nothing by reason of his position if this set-off would have been made by the trustee in any event. See Studley v. Boylston Nat. Bank, 229 U.S. 523, 33 S.Ct. 806, 57 L.Ed. 1313 (1912).

Section 68, sub. b(1) apparently was intended to prevent a debtor of the bankrupt from setting off against his debt a claim which he would be unable to prove by reason of § 57, sub. g. Collier Bankruptcy Manual 906. Thus, in our case, Greschner would not be allowed to set off the promissory note against the debt for the services performed by the bankrupt unless he could show a provable claim not disqualified under section § 57, sub. g. Section 57, sub. g would bar his claim or in this instance his set-off if he had received a preference voidable under

the Act. Assume, as suggested above, that the early set-off had never taken place. The only way the trustee could avoid the set-off at the time of bankruptcy would be to show that Greschner had received a preference which would necessarily have to be from some other source since there would have been no prior set-off transaction. Thus, Greschner has gained nothing by reason of his position, as the set-off would have been made by the trustee in any event.

The referee and the trustee both feel that the set-off itself could be the voidable preference mentioned in the section. However, the authorities cited do not involve set-offs and thus are only of value for the question of when a preference is voidable and not for the question of what constitutes a preference.

In the case of In re Field Heating & Ventilating Co., 201 F.2d 316 (7th Cir. 1953) the facts are very similar to those in the instant case. The claimant loaned money to the bankrupt in which he had a financial interest, and the bankrupt performed various subcontracting work for the claimant. Just prior to bankruptcy these debts were set off against one another. The court held that the trustee would have been obligated to set off the debts anyway and thus there was no preference. The trustee in opposition here asserts that that decision only applied to § 60 preferences. Section 60 was involved in that decision since the activities took place within four months of bankruptcy unlike those in our case. However, this does not mean that possible voidable preferences under state law incorporated by § 70 were not considered. The court said only that this type of transaction was a valid set-off under § 68, sub. a. The only possible difference between the Field case and the instant case is in the degree of control over the bankrupt by the claimant and this will be discussed momentarily.

Cited in support of the petition is Rosof v. Roth, D.C., 169 F.Supp. 707 (1957), 262 F.2d 829 (2nd Cir. 1959). In that case a clear attack was made on the transaction involved as being a voidable preference under a New York law identical to Cal. Civil Code § 3439.07, which says:

> "Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors."

The court held that this was a valid set-off under § 68, sub. a. In Rosof, however, the transaction had a significant difference in that the bankrupt had loaned the claimant money while the claimant had performed the services for the bankrupt. The trustee tried to argue that the debt from bankrupt to claimant was a contribution to capital but the fact that it was for services performed for the bankrupt strongly militated against this position. Further, as in Field, supra, there was a question about the degree of control exercised by the claimant over the affairs of the bankrupt.

Thus we are faced with the problem of whether the great degree of control exercised by Greschner over both operations should make any difference. A strong argument could have been made that the loan from the claimant to the bankrupt was really a capital contribution. Here, unlike Rosof, the funds ran to the bankrupt and the services to the claimant, and Greschner was the sole or substantial owner of the bankrupt. The net result of such an argument would be that there was no valid claim for Greschner to set off against the bill for services performed. However, the trustee never made that argument and the referee in finding IV found that the bankrupt was indebted to the Greschner Co. It is very difficult to see on what grounds the trustee could have refused to make the set-off on the facts of this case. If the indebtedness is valid, then Greschner has taken no unfair advantage of his position because any combination debtor-creditor would have the same right of set-off.

In the hassle over the larger amount, the problem of the $170.00 claim has been largely neglected and the facts behind the

debt are unclear. The only reference made to it by the referee is his conclusion that it should be subordinated on equitable grounds. During the oral argument both counsel agreed that this court's ruling on the $4,250.00 set-off would be dispositive of the $170.00 claim.

Counsel for petitioner is directed to prepare, serve and lodge a formal order pursuant to local rule 7.